UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMANI BEY SUTTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF PARKS AND RECREATION, et al.,<br><br>Defendants. | Case No. 5:23-cv-02057-BLF<br><br>**ORDER GRANTING MINOR L.B.'S MOTION TO APPROVE MINOR'S COMPROMISE**<br><br>[Re: Dkt. No. 95] |

Plaintiff Imani Bey Sutton ("Bey"), individually and as Guardian *ad Litem* for her minor child L.B., along with Plaintiff Catherine Cosby ("Cosby") filed this action against Defendants California Department of Parks and Recreation (the "Department"), Armando Quintero, Peter Estes, Andrew Dobbs, Phil Bergman, Scott Sipes, David Williams, Trevor Morgan, Friends of Santa Cruz State Parks ("Friends"), and Donna Walizer ("Walizer"), arising from incidents that occurred at Seacliff State Beach in Santa Cruz County on or about March 27, 2021. *See* Dkt. No. 2-2. Former Defendants Armando Quintero, Peter Estes, Andrew Dobbs, Phil Bergman, Scott Sipes, David Williams, and Trevor Morgan, who are Park Rangers with the Department, have since been dismissed. *See* Dkt. No. 94. The remaining Defendants in this matter—Friends, Walizer, and the Department (collectively, "Defendants")—have agreed with Plaintiffs to settle the suit for a collective $225,000. Before the Court is Minor Plaintiff L.B.'s Motion to Approve Minor's Compromise, Dkt. No. 95 ("Mot."), which Defendants do not oppose, Dkt. No. 97 ("Non-Opp.").

The Court determines that this motion is suitable for resolution without oral argument, and VACATES the hearing set for July 24, 2025. *See* Civ. L.R. 7-1(b). For the following reasons, the

Court GRANTS the motion.

## I.  BACKGROUND

On or about March 27, 2021, Plaintiffs enjoyed a picnic at Seacliff State Beach, located at State Park Drive and Searidge Road in Aptos, California. Dkt. No. 81 ("TAC") ¶ 19. At the time, Plaintiff L.B. was five years old, Plaintiff Bey was 30 years old, and Plaintiff Cosby was 27 years old. *Id.* Plaintiffs are all Black. *Id.* Plaintiffs allege that Walizer, an employee of Friends, made a call to the Department's Park Rangers, in which Walizer mistakenly reported that Plaintiffs intended to shoot law enforcement if they arrived on scene. Mot. at 1; *see* TAC ¶¶ 21–31. Plaintiffs further allege that the Park Rangers arrived to the scene in response to Walizer's call with guns drawn, and that Plaintiffs were detained for a prolonged period while the Park Rangers conducted their investigation. TAC ¶¶ 42–48. Thereafter, Plaintiffs instigated this lawsuit, asserting various federal and state civil rights claims, as well as negligence claims. *See generally* Dkt. No. 2-2.

On April 10, 2025, the Parties participated in a mediation before the Honorable Leslie C. Nichols. *See* Dkt. No. 89. At that mediation, Friends and Walizer "agreed to settle all of Plaintiffs['] claims in the amount of $200,000," and approximately two weeks later Plaintiff L.B., through her guardian *ad litem*, "agreed to settle all claims against Defendant Parks for $25,000 and separately agreed to dismiss all claims against" the individual Park Rangers. Mot. at 4; *see* Dkt. No. 95-3, Declaration of Eric J. Nelson in Support of Plaintiff's, Minor L.B., Motion to Approve Minor's Compromise ("Nelson Decl."), Exs. 1 and 2.

## II.  LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quotation marks and citation omitted). The district court's inquiry is limited to considering "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they

2

1    have agreed to pay plaintiffs' counsel." *Id.* at 1182.  The fairness and reasonableness of the
2    settlement is determined "in light of the facts of the case, the minor's specific claim, and recovery
3    in similar cases." *Id.*

4    The *Robidoux* court limited its holding to settlement of a minor's federal claims, stating
5    that it did "not express a view on the proper approach for a federal court to use when sitting in
6    diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2.  However,
7    "district courts have found the *Robidoux* rule reasonable in the context of state law claims and
8    have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as
9    well." *Frary v. Cnty. of Marin*, No. 12-cv-03928, 2015 WL 3776402, at *1 (N.D. Cal. June 16,
10   2015); *see also Doss v. Cnty. of Alameda*, No. 19-cv-07940, 2022 WL 6156551, at *2 (N.D. Cal.
11   Oct. 7, 2022); *F.Z. v. City of Soledad*, No. 21-cv-02890, 2022 WL 2905063, at *2 (N.D. Cal. July
12   22, 2022) ("[C]ourts in this District have applied the *Robidoux* standard in cases involving the
13   settlement of both federal and state claims.").  This Court finds those decisions to be well-
14   reasoned, and applies the *Robidoux* rule to determine whether the settlement is in Plaintiff L.B.'s
15   best interest with respect to both her federal claims and her state law claims.

16   Upon concluding that a minor's net recovery is fair and reasonable, district courts within
17   the Ninth Circuit commonly order that such funds be deposited into a blocked account for the
18   minor's benefit.  *See, e.g.*, *Lily v. Cooper*, No. 19-cv-745, 2020 WL 5742933, at *4 (S.D. Cal.
19   Sept. 25, 2020) ("Counsel shall, within 45 days after approval of the minors' compromise, file
20   with the Clerk of Court proof of deposit of funds payable for the minors' benefit into blocked
21   accounts as required by this Order."); *Estate of Sauceda v. City of N. Las Vegas*, No. 11-cv-02116,
22   2020 WL 2105017, at *1 (D. Nev. Apr. 30, 2020) (approving minor's compromise and ordering
23   that funds "shall be deposited into a blocked trust account with proof of such deposit provided to
24   the Court within 60 days of this Order"); *S.V. by & through Valencia v. Delano Union Elementary*
25   *Sch. Dist.*, No. 17-cv-00780, 2019 WL 2635949, at *3 (E.D. Cal. June 27, 2019), *report and*
26   *recommendation adopted*, No. 17-cv-00780, 2019 WL 3253969 (E.D. Cal. July 19, 2019) ("The
27   money will be deposited in a blocked account for the child's benefit.").
28

**III. DISCUSSION**

Plaintiff L.B.'s motion proposes that the $225,000 settlement funds be distributed as follows:

1. $75,000 to Attorney Eric John Nelson of the Law Offices of Eric John Nelson Inc. for attorneys' fees and costs;
2. $30,000 ($25,000 from the settlement with the Department and $5000 from the settlement with Friends and Walizer) to minor Plaintiff L.B.;
3. $70,000 to Plaintiff Imani Bey Sutton; and
4. $50,000 to Plaintiff Catherine Cosby.

Mot. at 5–6; Nelson Decl., Ex. 3.

Reviewing the settlement "in light of the facts of the case, [L.B.'s] specific claim[s], and recovery in similar cases," *Robidoux*, 638 F.3d at 1182, the Court determines that Plaintiff L.B.'s net recovery is fair and reasonable. *See, e.g.*, *C.H. v. Brentwood Union Sch. Dist.*, No. 21-cv-00196, 2023 WL 2277124, at *2 (N.D. Cal. Feb. 28, 2023) (approving $40,000 settlement for five tort and civil rights claims related to an allegedly racially motivated "one-time incident that caused [the plaintiff] emotional distress and left an abrasion on his neck"); *J.K. v. Gold Trail Union Sch. Dist.*, No. 20-cv-02388, 2022 WL 3219492, at *2 (E.D. Cal. July 11, 2022) (approving settlement of claims related to a school district's failure to protect student from racial discrimination that occurred at school, where settlement provided a net recovery to minor plaintiff of $28,456.50); *F.R. by & through Litem v. Santa Clara Unified Sch. Dist.*, No. 23-cv-01840, 2024 WL 3696482, at *2–3 (N.D. Cal. Aug. 6, 2024) (finding settlement of minor's federal and state claims for $20,000 fair and reasonable). As the attorneys' fees and costs have been separately addressed, L.B. will receive the full $30,000 settlement amount.

In addition, the Parties have arranged for L.B.'s funds to be "deposited in an interest-bearing, federally insured block[ed] account," and state that no withdrawal of principal of interest will be made from the blocked account(s) "without a written order under this case name and number . . . until [L.B.] reaches 18 years of age." Mot. at 6; *see* Nelson Decl. ¶ 6 & Ex. 3; Dkt. No. 95-1, Declaration of Imani Bey Sutton in Support of Plaintiff's, Minor L.B., Motion to

Approve Minor's Compromise ("Bey Decl.") ¶¶ 4–6.

Therefore, the Court is satisfied that Plaintiff L.B.'s net recovery is fair and reasonable, and that it will be placed in a blocked account for L.B.'s benefit. Accordingly, Minor Plaintiff L.B.'s Motion to Approve Minor's Compromise (Dkt. No. 95) is GRANTED.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Minor Plaintiff L.B.'s Motion to Approve Minor's Compromise (Dkt. No. 95) is GRANTED. The compromise settlement entered into by Imani Bey Sutton as guardian *ad litem* of Plaintiff L.B. is approved pursuant to the following terms:

1. The State of California will pay the total sum of $25,000.00 (twenty-five thousand dollars) to minor Plaintiff L.B. These Settlement Funds will be paid by check made payable to the "Law Office of Eric John Nelson Client Trust Account" and delivered to Law Office of Eric John Nelson, 1134 Soquel Ave, Suite B, Santa Cruz, CA 95062.

2. A total sum of $200,000.00 (two hundred thousand dollars) will be paid on behalf of Friends of Santa Cruz State Parks and Donna Walizer to Plaintiffs L.B., Imani Bey Sutton, and Catherine Cosby, collectively. These Settlement Funds shall be paid by check made payable to the "Law Office of Eric John Nelson Client Trust Account" and delivered to Law Office of Eric John Nelson, 1134 Soquel Ave, Suite B, Santa Cruz, CA 95062.

3. From the total settlement sum of $225,000.00, a payment of attorney fees and costs in the amount of $75,000 is approved.

4. After payment of attorney fees and costs, the remaining settlement proceeds of $150,000.00 are to be distributed as follows: (a) $30,000 to minor Plaintiff L.B.; (b) $70,000 to Plaintiff Imani Bey Sutton; and (c) $50,000 to Plaintiff Catherine Cosby.

5. The $30,000.00 in funds that belong to minor Plaintiff L.B. will be deposited in an interest-bearing, federally insured blocked account. The account will be opened in the name of the petitioner as "Imani Bey Sutton in care of minor Plaintiff L.B. as Guardian *ad Litem*."

6. The total amount to be deposited for minor L.B, including any accrued interest, is $30,000. No withdrawal of principal or interest will be made from the blocked account or

accounts without a written order under this case name and number signed by a judicial officer and file stamped by this court until the minor reaches 18 years of age.

7. Upon minor Plaintiff L.B. reaching 18 years of age, the depository, without further order of this court, is authorized to pay by check or draft directly to L.B., on proper demand, all funds, including interest, deposited.  The money on deposit will not be subject to escheat.

8. A certified or filed endorsed copy of the order must be delivered to a manager at the financial institution where the funds are to be deposited.  A receipt from the financial institution must be promptly filed with the court, acknowledging receipt of the funds deposited.

9. The Parties SHALL file a joint stipulation of dismissal or a status report on the status of settlement on or before August 22, 2025.

10. This Order terminates Dkt. Nos. 95 and 97.

**IT IS SO ORDERED.**

Dated:  June 24, 2025

_____
BETH LABSON FREEMAN
United States District Judge